# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**VINCENT MAYNARD,**

    **Plaintiff,**

v.                                                      **Case No: 5:24-cv-449-JSM-PRL**

**WAL-MART STORES EAST, LP and
SHENZHEN LANXUN TRADING
CO., LTD,**

    **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Default Against Defendant Shenzhen Lanxun Trading Co., Ltd. (Doc. 38). Plaintiff seeks entry of default against Defendant Shenzhen Lanxun Trading Co., Ltd. ("Lanxun") for failing to comply with the Court's May 2, 2025 Order to obtain counsel and requests that Lanxun's pleadings be stricken. (*Id*. at pp. 1-2). For the reasons explained below, Plaintiff's motion for default against Lanxun will be granted in part, to the extent that the Clerk will be directed to enter default against Lanxun.

**I.    BACKGROUND**

This is a personal injury case arising out of the purchase and use of an e-power KISTP electric bike C3, Serial No. 2304230231, Model C-3 ("Bike"). (Doc. 30 at ¶¶ 1, 8). Plaintiff alleges that he sustained injuries after he lost control of the Bike due to defects in the Bike. (*Id*. at ¶¶ 2, 11-12). Plaintiff sued Defendant Wal-Mart Stores East, LP ("Walmart") in state court for negligence, negligent failure to warn, strict liability (manufacturing defect, design defect, and failure to warn), breach of express warranty, implied warranty of merchantability,

and breach of implied warranty of fitness for a particular purpose. (*See generally* Doc. 1-1). Walmart removed the action to this Court on August 26, 2024. (Doc. 1).

On November 8, 2024, Lanxun filed an Unopposed Motion to Intervene in this action (Doc. 18), which the Court granted on November 12, 2024 (Doc. 21). With leave of Court (Doc. 29), Plaintiff then filed an amended complaint—the operative complaint—on January 13, 2025, adding Lanxun as a defendant to the action and asserting new counts against Lanxun. (Doc. 30). Lanxun filed its answer and affirmative defenses to Plaintiff's amended complaint on January 27, 2025. (Doc. 31).

For about six months in this case, Lanxun appeared through counsel David P. Reiner, II, Esq. and Xionghui Murong, Esq. (collectively, "Lanxun's Counsel"), beginning on October 31, 2024. (Doc. 10; *see* Doc. 18; Doc. 19; Doc. 22). On April 30, 2025, Lanxun's Counsel moved to withdraw as counsel, citing termination of the attorney-client relationship by Lanxun. (Doc. 33). On May 2, 2025, the Court granted the motion to withdraw and directed attorney David P. Reiner, II, Esq. to serve a copy of the Order upon Lanxun. (Doc. 34 at pp. 1-2). In its May 2, 2025 Order, the Court ordered Lanxun to obtain new counsel within 30 days from the entry date of the Order, finding that Lanxun, as a corporate entity, could not proceed *pro se*. (*Id.* at p. 2) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)) (explaining that "a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). The Court warned Lanxun that failure to retain new counsel within the time allotted may result in a default judgment entered against it. (*Id.*).

The deadline for Lanxun to obtain counsel has passed, and no new counsel has appeared on Lanxun's behalf. As a result, Plaintiff moves for entry of default against Lanxun

for failing to comply with the Court's May 2, 2025 Order to obtain counsel and requests that Lanxun's pleadings be stricken. (Doc. 38 at pp. 1-2).[1]

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(a) governs the entry of default by the Clerk, providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). "Courts within this district and within other districts in the Eleventh Circuit have held that failure of a corporate defendant to obtain counsel may be construed as a failure to defend within the meaning of Rule 55." *Wyndham Vacation Ownership, Inc. v. Miller*, No. 6:19-cv-817-PGB-EJK, 2022 WL 18926773, at *2 (M.D. Fla. Apr. 8, 2022) (collecting cases).

## III. DISCUSSION

In this case, Lanxun has had more than two months to obtain counsel since the Court advised that it must do so on May 2, 2025. (*See* Doc. 34). No attorney has entered an appearance on behalf of Lanxun since the withdrawal of Lanxun's Counsel, and Lanxun has not otherwise responded to the Court's May 2, 2025 Order. Based on this record, the Court finds that Defendant has not demonstrated an intent to defend itself in this case, and therefore, the Clerk must enter default against Lanxun pursuant to Rule 55(a). S*ee Lehman Bros. Holdings*

---

[1] Although Plaintiff does not cite the proper legal authority for his request for entry of default, he titles his motion as a "Motion for Default," stating that he "moves this Court for an entrance of default as to [Lanxun] [f]or failure of this Defendant to comply with this Court's Order dated May 2, 2025." (Doc. 38 at p. 1). As such, the Court construes Plaintiff's motion as a motion for entry of clerk's default against Lanxun pursuant to Federal Rule of Civil Procedure 55(a). In the future, however, Plaintiff must set forth the relief sought with specificity and citations to legal authority demonstrating that he is entitled to the relief sought. Going forward, future filings that fail to comply with the Local Rules or the Federal Rules of Civil Procedure may be stricken or summarily denied without further notice.

*Inc. v. Key Fin. Corp.*, No. 8:09-cv-623-T-17EAJ, 2011 WL 3879499, at *1 (M.D. Fla. Aug. 12, 2011) (explaining that the court granted plaintiff's motion for entry of clerk's default after corporate defendant's counsel withdrew as counsel and defendant failed to obtain subsequent new counsel as directed by court order); *Garcia v. Universal Empanadas Rest., Inc.*, No. 6:07-cv-185-ORL-19KRS, 2008 WL 2856612, at *1-2 (M.D. Fla. July 22, 2008) (directing the clerk to enter default where corporate defendant's counsel withdrew, defendant was advised it could only appear with counsel, and no new counsel entered an appearance on corporate defendant's behalf). Thus, Plaintiff's request for an entry of default is granted.

However, with respect to Plaintiff's request to strike Lanxun's pleadings, that request is denied because Plaintiff does not provide any basis or legal authority supporting such a request.

## IV.   CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Plaintiff's Motion for Default Against Defendant Shenzhen Lanxun Trading Co., Ltd. (Doc. 38) is **GRANTED in part** and **DENIED in part**, to the extent that Plaintiff's request for entry of default against Defendant Shenzhen Lanxun Trading Co., Ltd. is granted and denied in all other respects.

(2) The Clerk is **directed** to enter default against Defendant Shenzhen Lanxun Trading Co., Ltd.

**DONE** and **ORDERED** in Ocala, Florida on July 7, 2025.

- 5 -

                                                                                                                                  PHILIP R. LAMMENS
                                                                                                                                  United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties